Mr. John Hoyle Arkansas Taxpayers Rights Association 120 North 56th Terrace Fort Smith, Arkansas 72904
Dear Mr. Hoyle:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME AN AMENDMENT TO ABOLISH AD VALOREM PROPERTY TAXES, INCREASE SALES TAX, REMOVE ALL CONSTITUTIONAL CAPS ON SALES TAX, REQUIRE ¾ LEGISLATIVE APPROVAL AND MAJORITY VOTER APPROVAL OF ANY SALES TAX INCREASES AND ALLOW LEGISLATIVE BODIES TO DECREASE SALES TAX BY A SIMPLE MAJORITY VOTE.
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING ALL AD VALOREM TAXES AND ASSESSMENTS UPON REAL AND PERSONAL PROPERTY BY THE STATE OF ARKANSAS AND ALL OF ITS POLITICAL SUBDIVISIONS AND IMPROVEMENT DISTRICTS AS OF DECEMBER 31, 2000; DISCHARGING AS SOON AS REASONABLY POSSIBLE ALL OFFICERS AND EMPLOYEES EMPLOYED IN THE APPRAISAL, ASSESSMENT, AND COLLECTION OF PROPERTY TAXES EXCEPT THOSE NECESSARY FOR THE COLLECTION OF DELINQUENT TAXES; CLOSING OR CONVERTING TO OTHER USES ALL OFFICES RELATED TO ASSESSMENT AND COLLECTION OF AD VALOREM TAXES, NO LATER THAN APRIL 1, 2001; INCREASING THE RATE OF STATE SALES TAX TO SIX AND ONE-HALF PERCENT (6 ½ %) AS OF JANUARY 1, 2001; ABOLISHING ALL CONSTITUTIONAL LIMITS ON SALES TAX RATES AS OF JANUARY 1, 2001; PROVIDING AS OF DECEMBER 31, 2000, THAT THE INCREASE OF ANY TAX, LICENSE, OR FEE MUST HAVE THE APPROVAL OF ¾ OF THE MEMBERS OF THE LEGISLATIVE BODY LEVYING THE TAX AND APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS OF THE STATE OR THE AFFECTED POLITICAL SUBDIVISION TAXED VOTING IN A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT ANY SALES TAX MAY BE DECREASED WITH THE APPROVAL OF A SIMPLE MAJORITY OF THE MEMBERS OF THE LEGISLATIVE BODY LEVYING THE TAX; DECLARING THAT THE PROVISIONS OF THE AMENDMENT SHOULD BE LIBERALLY CONSTRUED IN FAVOR OF THE TAX PAYER; RENDERING THE PROVISIONS OF THIS AMENDMENT SEVERABLE; REPEALING ALL LAWS AND CONSITUTIONAL PROVISIONS WHICH CONFLICT WITH THIS AMENDMENT; AND DECLARING THE PROVISIONS OF THIS AMENDMENT SELF-EXECUTING.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title, under the above precepts, I find that the proposed popular name is sufficient and is hereby approved as submitted. However, I find that the following proposed ballot title should be substituted for your proposed ballot title in order to ensure that the voters will be more fully and accurately apprised of the contents of the proposed amendment:
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING ALL AD VALOREM TAXES AND ASSESSMENTS UPON REAL AND PERSONAL PROPERTY BY THE STATE OF ARKANSAS AND ALL OF ITS POLITICAL SUBDIVISIONS AND IMPROVEMENT DISTRICTS AS OF DECEMBER 31, 2000; PROHIBITING THE ASSESSMENT, LEVY, AND COLLECTION OF SUCH TAXES AFTER DECEMBER 31, 2000; DISCHARGING AS SOON AS REASONABLY POSSIBLE ALL OFFICERS AND EMPLOYEES EMPLOYED IN THE APPRAISAL, ASSESSMENT, AND COLLECTION OF PROPERTY TAXES EXCEPT THOSE NECESSARY FOR THE COLLECTION OF DELINQUENT TAXES; CLOSING OR CONVERTING TO OTHER USES ALL OFFICES RELATED TO ASSESSMENT AND COLLECTION OF AD VALOREM TAXES NO LATER THAN APRIL 1, 2001; INCREASING THE RATE OF STATE SALES TAX TO SIX AND ONE-HALF PERCENT (6½%) EFFECTIVE JANUARY 1, 2001 FOR THE PURPOSE OF REPLACING REVENUE LOST BY THE ABOLITION OF AD VALOREM TAXES ON REAL AND PERSONAL PROPERTY; ABOLISHING ALL EXISTING CONSTITUTIONAL LIMITS ON SALES TAX RATES AS OF JANUARY 1, 2001; PROVIDING THAT AS OF DECEMBER 31, 2000, THE INCREASE OF ANY TAX, LICENSE, OR FEE BY THE STATE OR ANY OF ITS POLITICAL SUBDIVISIONS OR IMPROVEMENT DISTRICTS MUST HAVE THE APPROVAL OF ¾ OF THE MEMBERS OF THE LEGISLATIVE BODY LEVYING THE TAX AND APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS OF THE POLITICAL SUBDIVISION TAXED VOTING IN A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT ANY SALES TAX LEVIED OR COLLECTED BY THE STATE OR ANY OF ITS POLITICAL SUBDIVISIONS MAY BE DECREASED WITH THE APPROVAL OF A SIMPLE MAJORITY OF THE MEMBERS OF THE LEGISLATIVE BODY LEVYING THE TAX; DECLARING THAT THE PROVISIONS OF THE AMENDMENT SHOULD BE LIBERALLY CONSTRUED IN FAVOR OF THE TAX-PAYER; RENDERING THE PROVISIONS OF THIS AMENDMENT SEVERABLE; REPEALING ALL LAWS AND CONSITUTIONAL PROVISIONS WHICH CONFLICT WITH THIS AMENDMENT; AND DECLARING THE PROVISIONS OF THIS AMENDMENT SELF-EXECUTING.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
MARK PRYOR Attorney General
Enclosure